UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Jayne S. POST,

        Plaintiff,

v.                                            15-CV-257
                                        **DECISION AND ORDER**
ANDREW M. SAUL,[1]
Commissioner of Social Security,

        Defendant.

_____


**INTRODUCTION**

Pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel, Timothy Hiller ("Attorney Hiller"), has applied for $21,873.75 in attorney's fees to be paid from 25% of the past-due Social Security Disability Insurance ("SSDI") benefits awarded to Plaintiff by the Commissioner of Social Security. The Commissioner argues that the Court should deny Attorney Hiller's application as untimely, or in the alternative, if further attorney's fees are awarded, that the Court require Attorney Hiller to "return the lesser of the two fees (EAJA and Section 406(b)), which would most likely be the full $5,800.00 in EAJA fees." (Docket No. 25).

---

[1]The president nominated Andrew M. Saul to be Commissioner of Social Security and the Senate confirmed his appointment on June 4, 2019, vote number 133. He is substituted pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to amend the caption to comply with this substitution.

## PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits on January 23, 2012 and her application was denied on May 24, 2012. Plaintiff appealed and her claim was again denied by an ALJ on August 2, 2013. She appealed that decision, and the Appeals Council affirmed that denial on January 27, 2015. Plaintiff then filed a lawsuit in this Court on March 26, 2015. (Docket No. 20).

On January 14, 2016, the Court entered a judgment reversing and remanding this matter for further administrative proceedings. Upon remand, an ALJ granted Plaintiff's application in its entirety, finding her disabled as of September 1, 2010. (Docket No. 20). The Social Security Administration ("SSA") issued a Notice of Award that Plaintiff was entitled to $153,615.00 in past due benefits, but indicating that there might be reductions in that amount if Plaintiff received workers compensation benefits or owed Medicare premium payments. The Notice provided no information as to the amount withheld for payment of an attorney's fees. (Docket No. 20). On January 2, 2019, the SSA issued a letter to Attorney Hiller indicating that $38,403.75 had been withheld to pay any duly authorized attorney's fees. (Docket No. 20).

Attorney Hiller was awarded and paid $5,800.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"). Attorney Hiller filed a motion in support of Plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 406(b) to seek this Court's

2

approval of he fee for the sum of $21,873.75. Attorney Hiller does not agree to refund his receipt of the $5,800.00 EAJA fees. (Docket No. 20).

**APPLICABLE LEGAL PRINCIPLES**

Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant. . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

"Within the 25 percent boundary" set by Section 406(b), "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 807 (2002) (citation omitted). Section 406(b) also "calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* (footnotes omitted). Thus, it is the district court's responsibility to determine whether the requested fees are unreasonable, as required by Social Security Act and <u>Gisbrecht</u>, *supra*.

After ascertaining that a given contingent fee agreement is within the 25 percent statutory boundary, courts have considered the following factors in determining whether the resulting fee is

3

reasonable: 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. Joslyn v. Barnhart, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht, 535 U.S. at 808).

## DISCUSSION

**A. Reasonableness of the Fee Requested**

As an initial matter, the Court notes that Counsel's request of $21,873.75 represents less than 25 percent of the past due benefit amount of $153,615.00 owed to Plaintiff and therefore does not exceed the statutory cap. The Court also notes that the amount withheld by the SSA, $38,403.75, represents 25 percent of $153,615.00, which amount is nowhere reflected on the SSA's Notice of Award. In short, the requested amount of $21,873.75 does not exceed the statutory cap and is permissible under the fee agreement between Plaintiff and Counsel, which, consistent with the statutory cap, allows for up to 25 percent of any past due benefits awarded.

With regard to the first Gisbrecht factor, the Court finds that the requested fee is in line with the "character of the representation and the results the representation achieved." Here,

4

Counsel's effective briefing secured a remand for further administrative proceedings and, ultimately, a reversal and remand for calculation and payment of benefits. This factor accordingly weighs in favor of finding reasonableness.

Turning to the second factor, Counsel did not engage in dilatory litigation tactics or otherwise cause delay in the proceedings that might have inflated past due benefits and thus the potential fee award. The second factor also weighs in favor of finding reasonableness.

With regard to whether the fee award constitutes a "windfall," the Supreme Court has not provided clear guidance on assessing this factor but has suggested that conducting what is essentially a lodestar analysis may be helpful. See Gisbrecht, 535 U.S. at 808 (suggesting that the hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement"). The Commissioner submits the total fee of $21,873.75 added to the EAJA fee of $5,800.00, "does not exceed the statutory 25% cap," but that "the Court may find that the de facto hourly rate of $856.77 per hour constitutes a windfall." (Docket No. 25 at 9). Because the Court interprets Gisbrecht as requiring return of the EAJA fee, the hourly rate of $677.21, which takes into account only the section 406(b) fee award, is not unreasonable. "Notwithstanding the usual

5

hourly rate decisions, courts in this Circuit routinely approve fee awards in the social security context that are above the regular hourly rates." Heffernan v. Astrue, 87 F. Supp. 3d 351, 355 (E.D.N.Y. 2015).

The Court further observes that a contingent fee outside of the Social Security context typically represents the past and future value of the case. Here, however, the statute provides that attorney's fees are based solely on past due benefits. See 42 U.S.C. § 406(b)(1). The value of this case to Plaintiff is greater than the amount of past due benefits received. In addition, the value of health care benefits attendant to Title II benefits is not included in the computation of the fee under Section 406(b)(1). Counsel, on the other hand, assumed a substantial risk of loss in taking this case, given that Plaintiff's claim had been denied at multiple levels of agency review before the initiation of this civil action. The remand rate for this district, as provided by Attorney Hiller, shows that only 45% of cases are remanded, and that only 66% of the remanded cases result in awards. In this regard, the Court considers the deference owed to lawful attorney-client fee agreements, Gisbrecht, 535 U.S. at 793, and the interest in assuring that attorneys continue to represent clients such as Plaintiff. Id. at 805.

Consideration of all of the Gisbrecht factors warrant a finding that the requested fee is reasonable, and the Commissioner

does not disagree. However, Attorney Hiller has stated that he will not refund the amount of the EAJA fees awarded to Plaintiff before this Court (i.e., $5,800.00) should the Section 406(b) application be approved. This is not in compliance with <u>Gisbrecht</u> and therefore Attorney Hiller must remit to Plaintiff the $5,800.00 EAJA fee awarded. <u>See Gisbrecht</u>, 535 U.S. at 796 ("Fee awards may be made under both prescriptions [in the EAJA and Section 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (quoting Act of Aug. 5, 1985, Pub. L. 99–80, § 3, 99 Stat. 186; second alteration in original).

**B.   Timeliness of the Section 406(b) Motion**

The law within the Second Circuit is unsettled regarding the deadline to file a Section 406(b) motion. The Act does not require a fee application to be filed within any specific time limit, "making the timeliness question somewhat more complicated." <u>Geertgens v. Colvin</u>, No. 13 CIV. 5133(JCF), 2016 WL 1070845, at *2 (S.D.N.Y. Mar. 15, 2016). The Second Circuit has not squarely addressed the question of what standard should govern the question of whether a Section 406(b) application is timely filed. Courts in this District, up until recently, had consistently applied a reasonableness standard. <u>See</u>, <u>e.g.</u>, <u>Jenis v. Colvin</u>, 12-CV-0600A, 2016 WL 624623, at *1 n. 1 (W.D.N.Y. Oct. 26, 2016) (Section 406(b) application filed four months after notice of award was filed within a reasonable time and was timely); <u>see also</u> <u>Buckingham v.</u>

7

Astrue, 07-CV-159-JTC, 2010 WL 4174773, at *1 (W.D.N.Y. Oct. 25, 2010) (granting Section 406(b) application filed 98 days after notice of award received, without consideration of timeliness); but see Sinkler v. Berryhill, 305 F. Supp.3d 448, 452 (W.D.N.Y. 2018), appeal docketed, 18-2044 (2d Cir. July 11, 2018). However, newly enacted Western District of New York Local Rule 5.5(g)(1) rejects the 14-day standard and sets a window of 65 days for filing Section 406(b) applications.

Attorney Hiller represents that his fee petition is timely because, although the Notice of Award is dated March 21, 2018, it did not state the amount withheld for attorney's fees. He then argues the letter sent to him finally stating the amount withheld for attorney's fees is dated January 2, 2019. Therefore, Attorney Hiller argues, his fee petition is timely under the 65-day window of New York Local Rule 5.5(g)(1). The Court accepts Attorney Hiller's representation that the SSA Notice of Award dated March 21, 2018, did not state the amount withheld for attorney's fees. In such case, his Section 406(b) Motion, filed March 7, 2019, is timely under new Local Rule 5.5, which may be applied, insofar as just and practicable, to all actions pending as of January 1, 2019.

## CONCLUSION

For the reasons set forth above, the Court grants the Section 406(b)(1) Motion (Docket No. 20) in its entirety and awards

8

Plaintiff attorney's fees in the amount of $21,873.75. The Court directs the Commissioner to release the funds withheld from the benefits awards. Upon receipt of the Section 406(b) fee, Attorney Hiller is directed to remit payment of $5,800.00, representing the EAJA fees received in Plaintiff's case before this Court, to Plaintiff.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
UNITED STATES DISTRICT JUDGE

DATED: July 3, 2019
Rochester, New York